UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
TYRELL AVERHART,

                                                                                                         21 Civ. 383 (NSR)

                                      Plaintiff,

     – against –

ANTHONY J. ANNUCCI, Acting Commissioner of the New York State Department of Corrections and Community Supervision; Bureau Chief MARK PARKER; Senior Parole Officer CLARENCE R. NEELY; Parole Officer LINDSY OSOUNA,

                                      Defendants.
------------------------------------------------------------------------x

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

                                                LETITIA JAMES
                                                Attorney General
                                                State of New York
                                                <u>Attorney for Defendants</u>
                                                28 Liberty Street, 18th Floor
                                                New York, New York 10005
                                                (212) 416-6696

Jonathan Wilson
Amanda Yoon
Assistant Attorneys General
    <u>Of Counsel</u>

# TABLE OF CONTENTS[1]

                                                                                                   **Pages**

PRELIMINARY STATEMENT ...................................................................................................1

BACKGROUND ...........................................................................................................................2

ARGUMENT .................................................................................................................................6

I.     PLAINTIFF'S PRELIMINARY INJUNCTION MOTION IS MOOT BECAUSE THERE IS NO BAN ON PLAINTIFF'S CONTACT WITH HIS DAUGHTER ...............6

II.    PLAINTIFF FAILS TO ESTABLISH THAT HE IS ENTITLED TO "EXTRAORDINARY REMEDY" OF PRELIMINARY INJUNCTION……………………………………………………………………………..8

III.   PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF, SEEKING RELEASE FROM IMPRISONMENT, IS UNAVAILABLE UNDER §1983…………...…………...………………………………………………………13

CONCLUSION ............................................................................................................................15

---

[1] Due to the emergency procedures that the undersigned's Office has put into place concerning COVID-19, in which substantially all staff are now working remotely from home, Defendants cannot readily create a Table of Authorities, and has thus omitted it from this brief. Defendants will endeavor to provide a Table of Authorities if the Court so directs.

**PRELIMINARY STATEMENT**

Defendants Anthony Annucci, Mark Parker, Clarence R. Neely, and Lindsy Osouna ("Defendants"), current and former New York State Department of Corrections and Community Supervision ("DOCCS") employees, by their attorney, Letitia James, Attorney General of the State of New York, submit this memorandum of law in opposition to Plaintiff's Motion for a Preliminary Injunction prohibiting Defendants from enforcing the ban on contact between Plaintiff and his daughter.

As a preliminary matter, there is no special parole condition that will bar Plaintiff from having contact with his daughter upon his release from DOCCS custody. Division of Parole has conducted a parental contact investigation and reviewed Plaintiff's parole file and determined that Plaintiff can have supervised contact with his daughter. Accordingly, at this time, this motion is moot. Further, Plaintiff fails to demonstrate that he is entitled to "extraordinary remedy" of preliminary injunction; he failed to establish, *inter alia*, that he will suffer irreparable harm absent the preliminary injunction and as a non-custodial, biological parent, he does not possess a liberty interest protected by the Constitution. Finally, the other relief Plaintiff is pursuing here - the release from the custody - is unrelated to his familial association claim and should be sought as a writ of habeas corpus.

## BACKGROUND

In 2004, Plaintiff was convicted of Rape in the First Degree pursuant to N.Y. Penal Law § 130.35 for forcibly engaging in a sexual intercourse with a fourteen-year old girl who was physically attacked prior to the sexual intercourse. Osouna Dec. at ¶ 5. Plaintiff was sentenced to 12 years in prison, followed by 5 years of post-release supervision. Lockwood Dec., Ex. A, at 1. As a result of this conviction, Plaintiff was designated a Level 3 Sex Offender and is subject to the conditions of the Sex Assault Reform Act ("SARA") and Sex Offender Housing Condition 220 ("SOH220") which prohibit him from residing within 1000 feet of the real property boundary line comprising a school and require him to submit proposed residences for review by DOCCS personnel prior to his release from DOCCS custody. Preston Dec. at ¶ 6; Osouna Dec. at ¶ 18.

When he was released from DOCCS custody to parole supervision on December 13, 2017, a special parole condition restricting him from having a contact with a minor under age of 18 was imposed based on the nature of the crime he was convicted of and based on his sex offender status. Osouna Dec. at ¶ 6. He was also subject to standard parole conditions based on his history, *inter alia*, prohibiting him from using or possessing any controlled substance without proper medical authorization and requiring him to participate in a substance abuse treatment program as directed by his parole officer. Id. at ¶ 7.

Upon his release to parole, Plaintiff was assigned to Queens II Community Supervision Area Office with Defendant Parole Officer Lindsy Osouna as his parole officer. Id. at ¶ 5. Plaintiff struggled with drug use once he was released. Id. at ¶ 7. In June of 2018, Plaintiff admitted to using cocaine, oxycodone, and marijuana and tested positive for marijuana. Id. Even though Plaintiff violated his parole condition, the Division of Parole decided not to violate his parole because he was receiving outpatient drug treatment at that time. Id. at ¶ 8. In February of 2019,

Plaintiff repeatedly failed to report to the Division of Parole as required under his parole conditions, and on February 19, 2019, he tested positive for cocaine and marijuana. Id. at ¶ 10. As a result of these parole violations, a warrant was issued, and a parole violation was subsequently sustained. Id.

On April 10, 2019, Plaintiff was released back to community supervision. Id. In April and May of 2019, Parole Officer Osouna sent Plaintiff to various treatment centers for substance abuse treatment and anger management, but Plaintiff reportedly failed to appear for the appointments with the treatment centers. Id. at ¶ 11. In May of 2019, Plaintiff also failed to report to Division of Parole, as required by his parole conditions. Id. A parole warrant was issued on May 9, 2019. Id. On May 20, 2019, Plaintiff tested positive for alcohol, cocaine, methadone, and Synthetic Cannabinoids-K2. Id. As a result of these violations of parole conditions, a warrant was issued, and a parole violation was subsequently sustained. Id.

On July 26, 2019, Plaintiff was released back to community supervision. Id. On August 22, 2019 - less than a month after he was revoked and restored to community supervision -Plaintiff tested positive for cocaine. Id. at ¶ 12. During August of 2019, the Division of Parole sent Plaintiff to an in-patient treatment center, multiple times, but Plaintiff repeatedly failed to show up for evaluations and appointments. Id. at ¶ 14.

On August 23, 2019, Plaintiff's daughter with his girlfriend Jazmine McKenzie, was born. Id. at ¶ 13. Three days later, on August 26, 2019, Plaintiff was finally admitted to an in-patient treatment center. Id. at ¶ 14. At the time of the admission, Plaintiff tested positive for oxycodone and methadone. On August 29, 2019, Plaintiff left the in-patient treatment center after being discovered smoking Synthetic Cannabinoids-K-2 in the bathroom. Id. On August 29, 2019, Plaintiff also failed to report to the Division of Parole as required under his parole condition. Id.

As a result of these parole violations, a warrant was issued. Id. On September 23, 2019, a parole violation was subsequently sustained with a sentence of 12 months in jail, or alternatively, a 90-day drug treatment program. Id. at ¶ 15. This was Plaintiff's third parole revocation in less than 12 months. Id. at ¶¶ 10, 11, 15. Plaintiff opted for the 90 day drug treatment, but was removed from the drug treatment facility due to his own misconduct. Id. at ¶ 16. Plaintiff served 12 months in a DOCCS correctional facility, from September 2019 to September 2020. Preston Dec.at ¶ 7.

After Plaintiff completed his 12 month parole revocation sentence, he was transferred to a Residential Treatment Facility ("RTF") at Fishkill Correctional Facility ("Fishkill") to await release to an approved residence pursuant to Sex Offender Housing Condition 220 ("SOH220"). Lockwood Dec. at ¶ 8. Plaintiff currently resides at Fishkill RTF while he awaits release to an approved residence. Id. On September 2, 2020, prior to his completion of his parole revocation sentence, Plaintiff reviewed and signed copies of the conditions of release onto parole. Id. at ¶ 9; Lockwood Dec. Ex. A. Among the documents that Plaintiff reviewed and signed was DOCCS Form #9601aCS ("Form 9601a"), which is titled, "Pre-Release Notice to Individuals Subject to Community Supervision Regarding Requests to Have Parental Contact with Biological/Adopted Minor Child(ren) When a Condition of Supervision Limiting or Prohibiting Contact Is Contemplated or Has Been Imposed." Lockwood Dec. at ¶ 10; Lockwood Dec. Ex. A at 14. Form 9601a provides notice to parolees who may have conditions limiting or preventing them from having contact with minors on how to request contact with their own minor children. Lockwood Dec. at ¶ 11. Plaintiff or others on Plaintiff's behalf could have submitted documents to his Parole Officer that are required pursuant to Form 9601a to request contact with his daughter through the Fishkill Offender Rehabilitation Coordinator's Office, but did not do so. Id. at ¶¶ 12, 13. Plaintiff did not submit documents as noticed on Form 9601a to have contact with his daughter until after

4

the commencement of this action, when they were submitted directly to the Division of Parole Bureau Chief currently assigned to Plaintiff's parole case, Bureau Chief Preston, through Defendants' counsel.  Lockwood Dec. at ¶ 14; Preston Dec. at ¶ 11.

Bureau Chief Preston reviewed Plaintiff's parole conditions, parole file, Plaintiff's request for contact with his daughter and Plaintiff's proposal to live at his daughter's current residence.  Preston Dec. at ¶¶ 10, 11, 12.  In investigating Plaintiff's requests, Bureau Chief Preston and Parole Officer Osouna were informed that the foster care agency that supervises Plaintiff's daughter's care would not permit her to remain in the same home in which Plaintiff resides.  Preston Dec. at ¶ 12; Osouna Dec. at ¶ 21.  They were also informed that the Administration for Children's Services ("ACS"), the agency that oversees foster care, opposed unsupervised contact between Plaintiff and his daughter, but would permit supervised contact between them.  Preston Dec. at ¶ 12; Osouna Dec. at ¶ 20.  Therefore, Plaintiff was granted supervised contact with his daughter, but was not permitted to reside at his daughter's current residence.  Preston Dec. at ¶¶ 13, 14; Osouna Dec. at ¶ 20.  Additionally, Plaintiff would be permitted to live in the residence he requested if his daughter no longer resided there, or if the conditions of foster care changed, as the residence is otherwise SARA-compliant.  Preston Dec. at ¶ 14; Osouna Dec. at ¶ 20.  Plaintiff may also reside in another residence other than his daughter's current home and have supervised contact with her, but at this time no other SARA-compliant housing is available to him.  See Osouna Dec. at ¶ 18; Dorsey Dec. at ¶¶ 4, 5.

Plaintiff's Counsel filed the instant motion for preliminary injunction to enjoin Defendants from enforcing a special parole condition barring him from having contact with his daughter.  Pl. Memo of Law. pp. 1, 7, 17.  Plaintiff also seeks release from custody to his daughter's residence. Id. at 1-2.

5

## ARGUMENT

**I.    PLAINTIFF'S PRELIMINARY INJUNCTION MOTION IS MOOT BECAUSE THERE IS NO BAN ON PLAINTIFF'S CONTACT WITH HIS DAUGHTER**

In order for the Court to grant Plaintiff's motion for a preliminary injunction, the request must not be moot. Prins v. Coughlin, 76 F.3d 504, 506 (2d Cir. 1996). Throughout the motion, Plaintiff repeatedly alleges that there is a "ban" on Plaintiff's contact with his daughter and specifically seeks an injunction to prohibit the enforcement of the special parole condition that "bars" Plaintiff's contact his daughter. See Pl. Memo of Law, at 1,2,5,7,9,13,15; Pl.'s Proposed Order.

Plaintiff's motion is moot because there is no special parole condition barring Plaintiff's contact with his daughter at this time. DOCCS is allowing Plaintiff to have supervised visitation with his daughter upon his release to parole supervision. See Preston Dec. at ¶ 14; Osouna Dec. at ¶ 20.

On February 4, 2021, Plaintiff submitted the necessary documents and application for visitation with his daughter pursuant to DOCCS Directive 9601, and DOCCS commenced its investigation shortly thereafter. See Preston Dec. at ¶ 11; Osouna Dec. at ¶ 20. DOCCS reviewed the documents provided by Plaintiff, and confirmed the accuracy of the information provided. See DOCCS Directive 9601, IV ("The investigation will seek to confirm the accuracy of information provided by the releasee). Parole Officer Osouna also spoke to Plaintiff's mother and personnel at the foster care agency overseeing Plaintiff's daughter's case. (See DOCCS Directive 9601, V: "In determining whether the releasee's child(ren) requires protection from harm or danger presented by PC, the parole officer will seek to: contact the other parent or caretaker …contact… child protective agency officials…") A case conference between Bureau Chief Preston and Parole Officer Osouna was also held to review Plaintiff's application.

After reviewing the information provided for parental contact and conducting an investigation, DOCCS has determined not to impose and enforce a special parole condition that would bar Plaintiff from contacting his daughter. See Preston Dec. at ¶ 14; Osouna Dec. at ¶ 20. However, the foster care agency and Administration for Children's Services ("ACS"), which are responsible for Plaintiff's daughter's foster care oppose unsupervised visitation and will not permit Plaintiff to reside with his daughter pursuant to New York State law. See N.Y. Fam Ct Act §1052 (prohibiting placement of child in foster and living with a parent); see also Preston Dec. at ¶¶ 12, 13; Osouna Dec. at ¶¶ 20, 21. In light of these circumstances, DOCCS has determined that Plaintiff's visitation with the child would be supervised, and Plaintiff cannot be released to his mother's home, where his daughter is currently residing at this time. Id.

Plaintiff discusses "less restrictive alternatives" to the alleged ban on Plaintiff's contact with his daughter. Pl. Memo of Law at 7-8. Defendants have determined that Plaintiff will be permitted to have supervised visitation with his child. This determination renders Plaintiff's motion for a preliminary injunction moot. Injunctions are forward looking, and the condition that bars Plaintiff's contact with his child does not exist.

Courts have routinely denied motions for preliminary injunctions after finding that the defendant's voluntary cessation of a challenged practice would render the plaintiff's request for injunctive relief moot. See American Freedom Defense Inititiave v. Metropolitan Transp. Authority, 109 F.Supp. 3d 626, 635 (2d Cir. 2015); Flynn v. Lee, No. 11 Civ. 5311, 2011 WL 5865851, at *3 (S.D.N.Y. Nov. 15, 2011). "The voluntary cessation of allegedly illegal conduct usually will render a case moot if the defendant[s] can demonstrate that (1) there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." Granite State Outdoor Adver., Inc.

v. Town of Orange, Conn, 303 F.3d 450, 451 (2d Cir. 2002). "While a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice, it is nonetheless an important factor bearing on the question whether a court should exercise its power' to entertain a request for injunctive relief or declare it moot." Holland v. Goord, 758 F.3d 215, 223 (2d Cir. 2014).

Here, there is no reasonable expectation that the alleged violation will recur. Bureau Chief Preston and Parole Officer Osouna have confirmed that DOCCS is not imposing or enforcing a special parole condition barring him from having a contact with his child. See Preston Dec. at ¶ 14; Osouna Dec. at ¶ 20. Since this motion was filed, they received a written application from Plaintiff requesting parental contact and reviewed the application and conducted the necessary investigation. See Preston Dec. at ¶¶ 11,12; Osouna Dec. at ¶ 20. They have also confirmed that Plaintiff can have supervised visitation with his daughter once he is released. Id.

Moreover, the lack of a special parole condition barring Plaintiff's contact with his daughter has completely and irrevocably eradicated the effects of the alleged violation. Plaintiff will not be separated from his daughter- the irreparable harm that Plaintiff refers to- once he is released because there is no "ban on contact." Preston Dec. at ¶ 14; Osouna Dec. at ¶ 20. Plaintiff will be allowed to have supervised visitation with his daughter upon his release from DOCCS' custody. Id. Accordingly, Plaintiff's motion for a preliminary injunction is moot and should be denied.

## II. PLAINTIFF FAILED TO ESTABLISH THAT HE IS ENTITED TO "EXTRAORDINARY REMEDY" OF PRELIMINARY INJUNCTION

Assuming, *arguendo,* that Plaintiff could otherwise demonstrate that his request for a preliminary injunction was not moot, the motion should nonetheless be denied because he failed to establish each of the four prerequisites for the granting of a preliminary injunction.

The "extraordinary remedy" of a preliminary injunction is "never awarded as of right," Monserrate v. N.Y. State Senate, 599 F.3d 148, 154 (2d Cir. 2010) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008)), and "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007) (internal citation and quotation omitted).

A plaintiff seeking a preliminary injunction must establish that (1) he is likely to succeed on the merits of the underlying claim, (2) he will suffer irreparable harm absent injunctive relief, and (3) the public interest weighs in favor of granting the injunction." Pope v. Cty of Albany, 687 F.3d 567, 570 (2d Cir. 2012). The Supreme Court has also required the plaintiff to show another factor, (4) that the balance of equities tips in his favor. Id. at 570, n. 3.

A. Plaintiff Failed To Demonstrate That He Will Suffer Irreparable Harm

To satisfy the irreparable harm requirement, [p]laintiff must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent." Freedom Holdings, Inc. v. Spitzer, 408 F.3d 112, 114 (2d Cir. 2005) (internal quotation omitted). Here, Plaintiff has not demonstrated a likelihood of irreparable harm, much less the likelihood of "extreme or very serious damage," Tom Doherty Assoc. Inc. v. Saban Entertainment, Inc, 60 F.3d 27, 34 (2d Cir. 1995), absent the granting of a preliminary injunction.

Plaintiff argues that the "ban" deprives Plaintiff of his fundamental rights to maintain close parental bonds with and raise his child and live with his family. Pl. Memo of Law, at 8. He cites to various scholarly articles to emphasize that the separation between Plaintiff and his daughter will cause irreparable harm. Id. at 9-10. The separation between a child and parent can constitute irreparable harm. However, this separation is not due to any actions by Defendants. Just three days after his daughter was born, Plaintiff tested positive for a controlled substance and failed to

9

report to parole as required and just six days after his daughter was born, a parole warrant was issued and he was taken into custody. Osouna Dec. at ¶¶ 13, 14.  Hence, any irreparable harm - the separation between him and his daughter and his family – in the past resulted solely from Plaintiff's own actions.  And as he is now allowed to have supervised visitation with his daughter once he is released, there will be no separation between him and his daughter unless he violates his parole condition or gets arrested and is taken back into custody.

Accordingly, Plaintiff will not suffer actual and imminent harm absent a preliminary injunction. Plaintiff alleges that "he, his daughter, and his family continue to suffer irreparable harm as a result of the ban on contact." Pl. Memo of Law at 7. However, there is no special parole condition in place at this time banning Plaintiff from having contact with his daughter. Once he proposes a SARA-compliant residence and that address is approved by DOCCS, he will be released from Fishkill RTF and will be allowed to visit his daughter and his family.  DOCCS has already reviewed several residences proposed by Plaintiff, and is willing to review any other SARA-compliant residences proposed by Plaintiff. Osouna Dec. at  ¶¶ 18, 22.

    B.  Plaintiff Failed to Show a "Clear" or "Substantial" Likelihood of Success

Plaintiff has not met his burden to show a clear or substantial likelihood of success on the merits based on his sole claim that his right to familial association has been violated. The parent's interest in maintaining a relationship with his or her child is protected by the Due Process Claus of the Fourteenth Amendment.  Wilkins v. Russell, 182 F.3d 89, 103-04 (2d Cir. 1999). However, the constitutional privileges attached to the parent-child relationship are not absolute. Indeed, due process protection extends to a non-custodial, biological parent only where the parent has demonstrated "a full commitment to the responsibilities of parenthood by coming forward to participate in the rearing of the child. Lehr v. Robertson, 463 U.S. 248, 261 (1983). "[T]he mere

existence of a biological link does not merit equivalent constitutional protection." Id; see also U.S. v. Myers, 426 F.3d 117, 125 (2d Cir. 2005).

Here, Plaintiff, as a non-custodial, biological parent, did not possess a liberty interest protected by the Constitution. Even though ACS has agreed to permit Plaintiff to have supervised visitation, Plaintiff has not demonstrated that he has even petitioned to have his parental rights restored. See U.S. v. Myers, 426 F.3d 117, 129 (2d Cir. 2005) (noting in remanding criminal defendant's challenge to parole condition restricting contact with his child for further findings, that "New York State law, in situations where a child is in foster care, prohibits visitation between out-of-wedlock children and a parent whose parental rights have not been adjudicated.") (citing N.Y. Fam Ct Act §1084).

Around the time Plaintiff's daughter was born, he was using controlled substance and had been kicked out of his mother's home. Osouna Dec. at ¶¶ 9,12,14. He failed to appear for appointments at the treatment center and failed to report to the parole as required. Osouna Dec. at ¶¶12, 14. Plaintiff's daughter was thereafter placed in foster care. Thus, Plaintiff failed to demonstrate that he is committed to participating in the rearing of the child, and does not possess a liberty interest protected by the Constitution.

Additionally, with regard to requesting visitation with his daughter, in accordance with his conditions of parole, Plaintiff was notified by DOCCS on the procedure for requesting such contact, pursuant to Section II of DOCCS' Parental Control Protocol Directive 9601, on September 2, 2020, prior to the sentence for his parole revocation expiring. See Lockwood Dec. at ¶¶ 9-11; Lockwood Dec. Ex. A at 14. However, Plaintiff failed to make such request, pursuant to the requirements of DOCCS Directive 9601, until after filing this action. See Preston Dec. at ¶ 11; Osouna Dec. at ¶20. Thus, contrary to Plaintiff's assertion, Plaintiff was properly notified of how

to request visitation with his daughter, and it is he, not Defendants or DOCCS, who failed to comply with Directive 9601. Hence, there is no merit to Plaintiff's claim that his due process rights to associate with his daughter were violated.

### C. The Public Interest Will Not Be Served By The Preliminary Injunction

"In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." Winter, 555 U.S. at 24 (quotation omitted). Plaintiffs have not met their burden of showing that the equities or the public interest favor the injunctive relief sought. Id. at 31 n. 5.[2] To the contrary, granting the injunction would go directly against the public interest.

At the time of the allegations, valid reasons existed for maintaining the contact restrictions that serve to protect public safety. See Osouna Dec. at ¶ 17. In 2019, when Defendants imposed the condition barring him from seeing his daughter, he had already violated parole three times in that year, had tested positive multiples times for cocaine, oxycodone, and K-2, and was suspected of physically abusing the mother of Plaintiff's daughter. See Osouna Dec. at ¶¶ 10-17. The fact that Plaintiff was using K-2, which can cause paranoia, hallucinations, and psychosis at this time period was also a concern for the safety of Plaintiff's daughter. See Osouna Dec. at ¶ 17; see also https://www.webmd.com/mental-health/addiction/news/20180910/k2-spice-what-to-know-about-these-dangerous-drugs.

Plaintiff is now allowed to have supervised visitation with his daughter. See Supra Point I. Granting relief beyond what has already been provided by allowing Plaintiff to reside with his

---

[2] See Salinger v. Colting, 607 F.3d 68, 80 (2d Cir. 2010) ("the court must ensure that the 'public interest would not be disserved' by the issuance of a preliminary injunction.") (quotation omitted); see also Stagg P.C. v. U.S. Dep't of State, 158 F.Supp.3d 203, 210 (S.D.N.Y. 2016) ("the balance of equities and the public interest both require the denial of this preliminary injunction").

daughter and to have full, unrestricted visitation, could have serious adverse impacts on the safety of Plaintiff's child. See Osouna Dec. at ¶ 17. Moreover, such relief would be granted against the objection of the foster care agency's recommendation, in violation of the applicable New York Family Court Act, which bars non-custodial, biological parent from residing with the foster child in the foster home. See N.Y. Fam Ct Act §1052 (prohibiting placement of child in foster and living with a parent); see also, Myers, 426 F.3d at 129 (2d Cir. 2005). Hence, granting Plaintiff's request for a preliminary injunction would go directly against the public interest.

Moreover, granting Plaintiff's request to be released from the custody at this time without any approved residence in place because his 12-month sentence for the parole revocation expired in September of 2020 would go against equity. Plaintiff has yet to propose a SARA compliant residence that can be approved, and there are other similarly-situated SARA-restricted parolees who are awaiting shelter housing who have been waiting longer than him. See Dorsey Dec. at ¶ 5. It would unfair and against equity for Plaintiff to receive shelter housing before them just because he filed this motion. Accordingly, the balance of equities tips heavily in favor of Defendants.

### III. PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF, SEEKING RELEASE FROM IMPRISONMENT, IS UNAVAILABLE UNDER § 1983

A. Plaintiff Must Seek a Writ of Habeas Corpus to be Released from Custody

Plaintiff brought this cause of action pursuant 42 U.S.C. § 1983. See Compl. at ¶ 58. Plaintiff's motion for preliminary injunction seeks relief that would cause his release from incarceration to his family's home. See Pl's Mem. of Law at 1-2, 7-8 (arguing Defendants' actions "have prevented his release from prison and into his family's home" and arguing to end Plaintiff's "unjustified incarceration."); see also Pl's Proposed Order ("Defendants … are hereby RESTRAINED AND ENJOINED from creating or enforcing any conditions of supervision that prohibit all contact between Plaintiff and his daughter, J.C., *and prevents him from living in his*

13

*family's home.*") (emphasis added).

Where an incarcerated person seeks to "invalidate the duration of their confinement— either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody" a petition for habeas corpus is the only appropriate remedy. Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) (emphasis in original)); see also Jenkins v. Haubert, 179 F.3d 19, 23 (2d Cir. 1999) ("[W]here the fact or duration of a prisoner's confinement is at issue, § 1983 is unavailable, and only § 2254(b) with its exhaustion requirement may be employed.").

Plaintiff's motion, while ostensibly seeking to prevent Defendants from prohibiting contact with his daughter, if granted, would also have the effect of releasing him from prison to his family's home. Such relief is clearly prohibited under § 1983. Instead, as is well established, Plaintiff must seek a writ of habeas corpus in order to demand an early release from custody. See Velazquez v. Gerbing, et al, No. 18-CV-8800-KMK, 2020 WL 777907, *8-9 (S.D.N.Y. Feb. 18, 2020) (dismissing SARA-restricted plaintiff's complaint pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), among other grounds); see also D'Angelo v. Annucci, No. 16-CV-6459 (KMK), 2017 WL 6514692, at *6 (S.D.N.Y. Dec. 19, 2017).

B. Plaintiff's Housing Requests were Properly Denied

In the event the Court was to entertain argument by Plaintiff that Defendants are improperly denying his release from custody, Defendants have demonstrated that all of Plaintiff's proposed residences were investigated and denied on proper grounds.

Plaintiff's primary choice of residence, and the residence to which he is requesting release in his motion for preliminary injunction, was denied due to the objection of the foster care agency which monitors the care of Plaintiff's child. See Preston Dec. at ¶ 12; Osouna Dec. at ¶ 21.

Plaintiff's habitation with his daughter while she remains in foster care would also contravene New York State law. See N.Y. Fam Ct Act §1052; see also Myers, 426 F.3d at 129. As a New York State agency, DOCCS cannot contravene State law or interfere with the foster care agency's conditions set for Plaintiff's daughter. Therefore, given that Plaintiff's daughter is in foster care and currently resides in his preferred residence, DOCCS cannot release him to that address unless and until Plaintiff's daughter no longer resides at the address, or the contact prohibitions set by foster care are no longer in place. See Preston Dec. at ¶ 14.

Additionally, other residences proposed by Plaintiff were also properly rejected by Defendants because they were not SARA-compliant due to their proximity to a school or they were otherwise uninhabitable. See Osouna Dec. at ¶ 18. Furthermore, Plaintiff cannot be released to shelter housing at this time because there are other similarly-situated SARA-restricted parolees that are awaiting shelter housing that have been waiting longer than him. See Dorsey Dec. at ¶ 5. To release Plaintiff to shelter housing before other SARA-restricted parolees based on no other reason than the filing of this motion would be unfair to those who have awaited hosing longer than he.

Accordingly, Plaintiff's motion seeking immediate release to the residence of his daughter should be denied.

## CONCLUSION

As Plaintiff's motion is moot, he cannot meet the stringent requirements for the extraordinary remedy of a preliminary injunction, and he is not entitled to immediate release, Defendants respectfully requests that the Court deny Plaintiff's Motion for Preliminary Injunction.

Dated: New York, New York
February 26, 2021

Respectfully submitted,

LETITIA JAMES
Attorney General of the
State of New York
<u>Attorney for Defendants</u>

By: <u>*/s/ Amanda Yoon*</u>
Amanda Yoon
Assistant Attorney General
28 Liberty Street
New York, NY 10005
Tel: (212) 416-8606
Email: amanda.yoon@ag.ny.gov

By: <u>*/s/ Jonathan Wilson*</u>
Jonathan Wilson
Assistant Attorney General
28 Liberty Street
New York, NY 10005
Tel: (212) 416-6696
Email: jonathan.wilson@ag.ny.gov