UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
TYRELL AVERHART,

        Plaintiff,

    -against-

ANTHONY J. ANNUCCI, Acting Commissioner of the
New York State Department of Corrections and
Community Supervision; Bureau Chief MARK
PARKER; Senior Parole Officer CLARENCE R.
NEELY; and Parole Officer LINDSY OSOUNA,

        Defendants.
------------------------------------------------------------------ X

21-CV-383 (NSR)

**DECLARATION OF ALAN PRESTON**

ALAN PRESTON, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the following is true and correct:

1. I submit this declaration based upon my personal knowledge and a review of documents prepared by New York State Department of Corrections and Community Supervision ("DOCCS") personnel in the ordinary course of business and maintained by DOCCS in the ordinary course of business, in support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction.

2. I am employed as a Supervising Parole Officer ("Bureau Chief") by DOCCS, and I am assigned to the Queens II Community Supervision Area Office.

3. As a Bureau Chief, my duties include supervision of Senior Parole Officers and review of parole violation reports, early discharge reports, and other documents pertaining to parolees assigned to the Queens II Community Supervision Area Office. I also review post release conditions for parolees assigned to the Queens II Community Supervision Area Office, and

requests by parolees for contact with their own minor children should a parole condition prohibiting a parolee's contact with minor children be imposed or be under consideration.

4. On January 27, 2021, I was assigned the parole file of Plaintiff Tyrell Averhart after the recent retirement of Bureau Chief Mark Parker.

5. In 2004, Plaintiff was convicted of Rape 1st in Kings County Supreme Court.

6. Based on his crime of conviction, Plaintiff is subject to the conditions of the Sex Assault Reform Act ("SARA"). Plaintiff is also a Risk Level 3 sex offender pursuant to SARA and Article 6-c of the New York State Correction Law, accordingly he is subject to Sex Offender Housing Condition 220 ("SOH220") which requires him to submit proposed residences for review by DOCCS personnel prior to his release from DOCCS custody.

7. Plaintiff served a 12 month parole revocation sentence from September 2019 to September 2020 for absconding from supervision and testing positive for cocaine. The 12 month sentence was imposed after Plaintiff was removed due to his own misconduct from a 90 day in-patient treatment program.

8. Plaintiff is currently residing in a Residential Treatment Facility ("RTF") at Fishkill Correctional Facility ("Fishkill") awaiting release to an approved residence pursuant to the conditions under SOH 220.

9. I was notified by Counsel for Defendants that Plaintiff filed this action seeking to enjoin Defendants and DOCCS personnel from imposing and enforcing a parole condition that prevented Plaintiff from visiting or otherwise having contact with his minor daughter. Plaintiff also seeks to release to his daughter's home.

10. I have reviewed the parole conditions to which Plaintiff will be subject upon his release from the RTF at Fishkill, as well as Plaintiff's parole file.

11. I have also reviewed Plaintiff's application for contact with his daughter, which was submitted to me through Defendants' counsel on February 4, 2021.

12. In investigating Plaintiff's request for contact with his daughter as well as the home in which she resides, I was informed that Plaintiff's daughter is currently in foster care, and the foster care agency that supervises Plaintiff's daughter's care will not permit her to remain in the same home in which Plaintiff resides. I was also informed that the Administration for Children's Services ("ACS"), the agency that oversees the foster care agency in this matter, opposes unsupervised contact for Plaintiff with his daughter, however, they would agree to Plaintiff having contact with his daughter on a supervised basis. I do not think this is unreasonable based on Plaintiff's previous performance on parole

13. Accordingly, DOCCS is not permitted to release Plaintiff to his daughter's residence at this time in contravention of the foster care agency and the applicable statutes and regulations governing foster care.

14. Therefore, in consideration of the information available to me as specified in paragraphs 10-13 above, and subject to Plaintiff's performance on parole, DOCCS will permit Plaintiff to have supervised contact with his daughter upon his release to a SARA-compliant residence. Additionally, the address at which Plaintiff's daughter resides is otherwise compliant with SOH220, therefore, in the event that Plaintiff's daughter no longer resided in the home, or in the event Plaintiff's daughter's foster care situation changes, Plaintiff would be permitted to reside there.

Dated: New York, New York
February 26, 2021

Alan Preston