UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
TYRELL AVERHART,

               Plaintiff,

      -against-

ANTHONY J. ANNUCCI, Acting Commissioner of the
New York State Department of Corrections and
Community Supervision; Bureau Chief MARK
PARKER; Senior Parole Officer CLARENCE R.
NEELY; and Parole Officer LINDSY OSOUNA,

                                      Defendants.
-------------------------------------------------------------------- X

21-CV-383 (NSR)

**DECLARATION OF
BEVERLY LOCKWOOD**

       BEVERLY LOCKWOOD, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the following is true and correct:

       1.     I submit this declaration based upon my personal knowledge and a review of documents prepared by New York State Department of Corrections and Community Supervision ("DOCCS") personnel in the ordinary course of business and maintained by DOCCS in the ordinary course of business, in support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction.

       2.     I am employed as an Offender Rehabilitation Coordinator ("ORC") by DOCCS, and I am assigned to Fishkill Correctional Facility ("Fishkill").

       3.     As an ORC, my duties include meeting with parolees who are subject to the Sex Assault Reform Act ("SARA") to serve as a liaison between parolees and their parole officers prior to their release from DOCCS custody. In this capacity, I meet with parolees every two weeks to determine whether they have any information or requests to submit to their parole officers, including parolee requests for review of prospective residences, and parolee requests for contact

with their own minor children. I forward such requests made by parolees to their designated parole officers. Additionally, I also maintain records of the parolees' conditions of release and requests that they make for residence approval or contact with their own minor children.

4. I was notified by Counsel for Defendants that Plaintiff filed this action seeking to enjoin Defendants and DOCCS personnel from imposing and enforcing a parole condition that prevented Plaintiff from visiting or otherwise having contact with his minor daughter. Plaintiff also seeks to be released to his daughter's home.

5. Plaintiff is a parolee subject to the conditions of SARA.

6. Plaintiff is a Risk Level 3 offender pursuant to Article 6-c of the New York State Correction Law, accordingly he is subject to Sex Offender Housing Condition 220 ("SOH220") which requires him to submit proposed residences for review by DOCCS personnel prior to his release from DOCCS custody.

7. Plaintiff served a 12 month parole revocation sentence from September 2019 to September 2020.

8. After Plaintiff completed his parole revocation sentence, he was transferred to a Residential Treatment Facility ("RTF") at Fishkill to await release to an approved residence pursuant to the conditions under SOH 220. Plaintiff currently resides at Fishkill RTF as he awaits release to an approved residence.

9. On September 2, 2020, Plaintiff reviewed and signed copies of the conditions of his release onto parole as imposed by the New York State Board of Parole. Included among the conditions of his release were special conditions related to his status as a Risk Level 3 offender. See Lockwood Declaration Exhibit A.

10. Among the documents that Plaintiff reviewed and signed was DOCCS Form #9601aCS ("Form 9601a"), which is titled, "Pre-Release Notice to Individuals Subject to

Community Supervision Regarding Requests to Have Parental Contact with Biological/Adopted Minor Child(ren) When a Condition of Supervision Limiting or Prohibiting Contact Is Contemplated or Has Been Imposed." See id at 14.

11. As the title indicates, Form 9601a provides notice to parolees who may have conditions limiting or preventing them from having contact with minors on how to request contact with their own minor children.

12. While Plaintiff remains at Fishkill RTF awaiting SARA-approved housing, he may submit documents through my office to his parole officer to request contact with his minor child pursuant to the requirements outlined in Form 9601a.

13. Subsequent to Plaintiff's receipt of Form 9601a, no documents have been submitted to my office from Plaintiff or on Plaintiff's behalf requesting contact with his child pursuant to the requirements outlined in Form 9601a.

14. Upon information and belief, after the commencement of this action, Plaintiff submitted documents required under Form 9601a to request contact with his child through Defendants' counsel to his Parole Officer and the Bureau Chief assigned to his case.

Dated: New York, New York
February 26, 2021

Beverly Lockwood