USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  5/6/2021

**Memorandum Endorsement**

*Averhart v. Annucci, et al.*, Case No. 7:21-cv-00383-NSR

The Court is in receipt of Defendants' pre-motion letter, dated May 3, 2021, requesting a pre-motion conference to discuss the substance and briefing schedule for their proposed motion to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure.  (ECF No. 50.)  The Court is also in receipt of Plaintiff's letter opposing Defendants' request for a pre-motion conference.  (ECF No. 51.)

The Court waives the pre-motion conference requirement and grants Defendants leave to file their motion to dismiss with the following briefing schedule:  (1) Defendants' moving papers shall be served, not filed, June 7, 2021; (2) Plaintiff's opposition papers shall be served, not filed, July 7, 2021; and (3) Defendants' reply papers shall be served July 22, 2021.  The parties are directed to file all of their motion documents on the reply date, July 22, 2021.

The parties shall provide two (2) copies of their respective motion documents to Chambers on the date the documents are served upon their adversary.  As long as the Court's Emergency Rules are in place, counsel for both parties are <u>also</u> directed to email copies of their respective papers to Chambers on the date they are served upon their adversary.

Dated: May 6, 2021
       White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8606

May 3, 2021

**VIA ECF**
Honorable Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

   Re: *Averhart v. Annucci, et al.* 21 Civ. 383 (NSR)

Dear Judge Román:

   This Office represents defendants Acting Commissioner Anthony Annucci ("Annucci"), Bureau Chief Mark Parker ("Parker"), Senior Parole Officer Clarence R. Neely ("Neely"), and Parole Officer Lindsy Osouna ("Osouna") (collectively "Defendants") in the above-referenced action. In accordance with Your Honor's Individual Practices, I write to respectfully request a pre-motion conference regarding Defendants' proposed motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[1]

## A. <u>All Claims Against Defendants In Their Official Capacities Should Be Dismissed</u>

   The sovereign immunity of Eleventh Amendment bars all money damages claims against Annucci, Parker, Neely, and Osouna in their official capacities. *See Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 98-99, 120 (1984); *see also Koehl v. Dalsheim,* 85 F.3d 86, 88-89 (2d Cir. 1996)(holding that a Section 1983 suit for money damages against a state official in his official capacity is barred by sovereign immunity).

   Further, while under *Ex parte Young*, a plaintiff may sue a state official acting in his official capacity – notwithstanding the Eleventh Amendment- for prospective injunctive relief from violation of federal law, *In re Deposit Ins. Agency,* 482 F.3d 612, 617-18 (2d Cir. 2007), Plaintiff's Complaint does not seek such relief. The injunctive relief Plaintiff is seeking is no longer prospective and has been rendered moot by the removal of the post-release supervision condition allegedly prohibiting Plaintiff from having any contact with his daughter. *See* Preston Decl. (Dkt. 39), ¶ 14; Osouna Decl. (Dkt. 38), ¶ 20; *see also Jones v. Smith,* 784 F.2d 149,152 (2d Cir. 1986)

---

[1] The proposed arguments in Defendants' motion to dismiss are subject to change depending on the outcome of Plaintiff's motion for preliminary injunction.

(dismissing plaintiff's claim for injunctive relief as the claim is rendered moot by a new policy in effect that would redress the shortcomings of the prior policy). Nor is Plaintiff entitled to a declaratory judgment finding Defendants' previous alleged acts unconstitutional, as there is no longer continuing violation of federal law to enjoin in this case. *Green v. Mansour*, 474 U.S. 64, 71-73 (1985) (finding issuance of a declaratory judgment inappropriate as there is no claimed continuing violation of federal law). Accordingly, all claims asserted against Defendants in their official capacities – for both money damages and injunctive/ declaratory relief - should be dismissed.

## B. All Claims Against Annucci Should Be Dismissed

Annucci cannot be held personally responsible simply because he was in a position of authority. *See Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003). A plaintiff must instead plead facts to show that each defendant through their own individual actions violated the Constitution. *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020). The allegations that Annucci, as an Acting Commissioner of New York State Department of Corrections and Community Supervision ("DOCCS"), is responsible for DOCCS' administration and operations and DOCCS' policies, (Complaint, ¶9), are insufficient to render him personally liable.

## C. Defendants Are Entitled To Qualified Immunity

In any event, Defendants are entitled to qualified immunity; it was objectively reasonable for Parker, Neely and Osouna to believe that the alleged enforcement of parole condition prohibiting Plaintiff from contacting his daughter, which was imposed by the parole board based on the nature of the underlying conviction, did not violate the Constitution, and there are no alleged facts to show that Annucci was personally involved in any of the alleged violations. *See Spavone v. DOCCS*, 719 F.3d 127, 134-35 (2d Cir. 2013).

## D. Plaintiff's Substantive Due Process Claim Fails Because Plaintiff's Own Action Caused His Separation From His Daughter

"To begin, it is common ground that in any Section 1983 case, a "plaintiff must prove that the defendant's action was proximate cause of the plaintiff's injury." *Deskovic v. City of Peekskill*, 673 F. Supp. 2d. 154, 161 (S.D.N.Y. 2009) (citing *Gierlinger v. Gleason*, 160 F.3d 858, 872 (2d Cir. 1998)). Here, the alleged injury- the separation from his daughter – was not due to the imposition and enforcement of the parole condition at issue. Instead, Plaintiff was prevented from seeing his daughter because of the Orders of Protection issued during the neglect proceeding by the Family Court (*See* Orders of Protection (Dkt. 46-1,2)), and because Plaintiff violated his parole conditions numerous times and was returned to the correctional facility's custody to serve his 12 month jail sentence. (*See* Hermann Decl. Ex. B Averhart Parole Violation (Dkt. 33-2); Osouna Decl. (Dkt. 38) at ¶¶ 12, 14, 15, 16, 21.  After Plaintiff served his 12 month sentence, he was unable to see his daughter not because of the imposition and enforcement of the parole condition at issue but because he is not allowed to live with his daughter, who was placed in foster care in October of 2019 (Complaint at ¶ 31), pursuant to N.Y. Fam Ct Act § 1052 and is unable to locate an alternate SORA compliant housing.

E. **Plaintiff's Procedural Due Process Claim Fails Because Plaintiff Received Pre-Release Notice Regarding Requesting Contact With His Daughter**

To establish a procedural due process violation, plaintiff must allege (1) conduct performed under color of state law, (2) that Plaintiff was deprived of life, liberty or property, and (3) that the deprivation occurred without due process. *See Bedoya v. Coughlin*, 91 F.3d 349, 351-53 (2d Cir. 1996). Plaintiff was notified of the procedure for requesting contact with his daughter pursuant to DOCCS' Parental Control Protocol Directive 9601(Hermann Decl. Ex. D (Dkt. 33-4)) on September 2, 2020. *See* Lockwood Decl. (Dkt. 40) at ¶¶ 9-11; Lockwood Decl. Ex. A (Dkt. 40-11) at 15. Plaintiff, however, failed to make the request for parental contact and provide the necessary documentations until after filing this action. *See* Preston Decl. at ¶ 11; Osouna Decl. at ¶20. Hence, Plaintiff was afforded all the process he was due in connection with the enforcement of the parole condition at issue, and Plaintiff's procedural due process claim fails as a matter of law.

Respectfully submitted,
 */s/ Amanda Yoon*
Amanda Yoon
Assistant Attorney General
Amanda.Yoon@ag.ny.gov

cc:     **BY ECF**
        *Attorneys for Plaintiff*



**THE LEGAL AID SOCIETY**
*Justice in Every Borough.*

**Patterson Belknap Webb & Tyler** LLP

1133 Avenue of the Americas   New York, NY 10036-6710   212.336.2000   fax 212.336.2222   www.pbwt.com

May 6, 2021

**By ECF**

Hon. Nelson S. Román
United States District Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

> Re:   *Averhart v. Annucci, et al.*, **21-cv-383**

Dear Judge Román:

As counsel for Plaintiff Tyrell Averhart in the above-captioned matter, we respectfully write in response to Defendants' May 3, 2021 letter motion for pre-motion conference regarding Defendants' proposed motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendants' arguments as to sovereign and qualified immunity are foreclosed by Second Circuit precedent, and their arguments as to mootness, proximate causation, and procedural due process rehash their arguments in opposition to Mr. Averhart's motion for preliminary injunction, and should be denied for the same reasons. Therefore, a pre-motion conference is premature and wasteful of judicial and party resources. Moreover, based on the allegations, declarations, and evidence in front of the Court, Defendants' motion to dismiss is untenable.

*First*, Defendants' qualified immunity argument is identical to that rejected by the Second Circuit in *Doe v. Cappiello*, 758 F. App'x 181, 184–85 (2d Cir. 2019), and the District Court in *Doe v. Lima*, 270 F. Supp. 3d 684 (S.D.N.Y. 2017), and should similarly be rejected by this Court. In seeking qualified immunity, Defendants ignore *Cappiello* and *Lima*, and once again argue that it was objectively reasonable for Mr. Averhart's parole officers to believe that the no-contact condition as to *any* child, "imposed by the parole board based on the nature of the underlying conviction," justified keeping Mr. Averhart from *his* child. But respondents cannot escape the ruling and reasoning in *Cappiello*. Reviewing the very same parole condition, the Second Circuit held that the broad no-contact condition cannot alone justify keeping a parolee from his child. *Id.* Instead, it held that parolees and supervisees enjoy a clearly established right to familial association under the Fourteenth Amendment, *id.* at 183–84, and consequently, that the State must narrowly tailor any parental-contact restriction to its interest in the child's safety. *Id.* As in *Cappiello*, Defendants are not entitled to qualified immunity for failing to do so here.

*Second*, Defendants' argument that the Eleventh Amendment bars all claims against them in their official capacities is likewise contrary to well-established precedent. In his Complaint, Mr. Averhart brings claims against Defendants Parker, Neely, and Osouna in both their official capacities and their individual capacities. The Eleventh Amendment does not bar claims for money damages against state officials sued in their personal capacities for violation of clearly

May 6, 2021
Page 2

established federal law.  *See Hassell v. Fischer*, 96 F. Supp. 3d 370, 384 (S.D.N.Y. 2015)*, aff'd*, 879 F.3d 41 (2d Cir. 2018).  Nor does the Eleventh Amendment pose any barrier to claims for injunctive relief against state officials in their official capacities for ongoing constitutional violations.  *See Henrietta D. v. Bloomberg*, 331 F.3d 261, 287–88 (2d Cir. 2003).  Mr. Averhart has adequately pleaded both claims here.

Defendants' argument that they have mooted Mr. Averhart's claims for injunctive relief by voluntary ceasing enforcement of their unconstitutional no-contact condition fails for the same reasons as Mr. Averhart has argued in seeking a preliminary injunction.  *See* Reply Mem., ECF No. 42, at 2–7.  Even if it were true that Defendants are no longer infringing upon Mr. Averhart's constitutional rights—which Mr. Averhart does not concede—they have failed to carry their "formidable burden" of showing both that "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation," and that "there is no reasonable expectation that the alleged violation will recur."  *Mhany Mgmt., Inc. v. Cty. of Nassau*, 819 F.3d 581, 603–04 (2d Cir. 2016) (internal citation and quotations marks omitted).  Indeed, Mr. Averhart still awaits the opportunity to interact with his daughter.

*Third*, Defendants miss the mark in arguing that Mr. Averhart's claim against Defendant Annucci in his official capacity must be dismissed for lack of personal involvement.  Mr. Averhart has sued Defendant Annucci only in his official capacity because Mr. Averhart seeks to enjoin the New York State Department of Corrections and Community Supervision ("DOCCS") from continuing to unconstitutionally restrict his contact with his biological daughter.  It is uncontroversial that, as Acting Commissioner of DOCCS, Defendant Annucci possesses the authority to provide Mr. Averhart such relief.  *See Sughrim v. New York*, —F.3d—, 2020 WL 7047697, at *15 (S.D.N.Y. Nov. 30, 2020).  Accordingly, Defendants' argument for Defendant Annucci's dismissal is without merit.

*Fourth*, Defendants continue to mislead the Court by distorting the timeline of events to absolve themselves of wrongdoing.  In April 2019, long before Mr. Averhart's daughter was born, Defendant Osouna told him that she intended to prohibit him from being around his child.  Averhart Decl., ECF No. 35, ¶¶ 31.  The next month, she again told Mr. Averhart he "will never be around [his] child," despite his explaining that his daughter was "[his] responsibility."  *Id.* ¶¶ 31, 33.  Then, on August 22, 2019, and again on the following day, Defendants, through hospital security staff, prohibited him from entering the hospital to attend his daughter's birth and to sign her birth certificate.  *Id.* ¶¶ 36, 38.  As a direct consequence of Defendants' actions, Mr. Averhart could not claim paternity of his daughter when his partner suffered a mental health episode, leading to the State's involvement in his daughter's care.

Yet Defendants, as they have done in their previous filings with this court, begin their recitation of events only *after* they had already imposed their unconstitutional no-contact ban in the absence of any investigation or finding of harm, in violation of their own Protocol and clearly established Second Circuit precedent.  *See Cappiello*, 758 F. App'x at 185 & n.1 (in response to questioning by Judge Raggi, counsel for DOCCS admitted that a complete ban was not narrowly

May 6, 2021
Page 3

tailored to protect the parolee's parental rights in the absence of evidence of harm, notwithstanding the general condition of supervision that prohibits contact with minors). Consequently, the Temporary Family Court Orders Defendants cite, in effect for less than one month, and issued not only after, but as a result of, Defendants' prohibiting Mr. Averhart from meeting his daughter, have no bearing on the question of causation.  Defendants' arguments, which stand only on their cherrypicked and narrow version of the facts, must fail.

      *Finally*, Mr. Averhart's receipt of documents that included notice of his no-contact condition in September 2020 does not defeat his procedural due process claim.  Defendants again fail to acknowledge that Mr. Averhart's counsel wrote to DOCCS multiple times, both before and after Mr. Averhart had received that notice, to seek instructions on how to remove his no-contact condition.  Hermann Decl., ECF No. 33, Exs. E–F.  Rather than inform his counsel that they had communicated with her client, and the nature of that communication, Defendant Parker asserted simply that there was no condition to discuss because parole conditions are imposed at the time of release.  He then ignored her follow-up emails and requests for a phone call.  *Id.* Ex. F.  Defendants cannot place form over substance to deprive Mr. Averhart of his due process when, through his counsel, he expressed clearly and repeatedly that he sought to challenge any restrictions on his contact with his daughter.

* * *

      For the foregoing reasons, Mr. Averhart respectfully opposes a pre-motion conference and Defendants' motion as premature and wasteful of judicial and party resources.

Respectfully yours,

By: /s/ Jonathan S. Z. Hermann

Philip Desgranges
Tomoeh Murakami Tse
Will A. Page
Corey Stoughton
THE LEGAL AID SOCIETY
199 Water Street, 5th Floor
New York, New York 10038
Tel: 212.577.3367
pdesgranges@legal-aid.org
tmurakamitse@legal-aid.org
wpage@legal-aid.org
cstoughton@legal-aid.org

Jonathan S. Z. Hermann
Lisa E. Cleary
PATTERSON BELKNAP
  WEBB & TYLER LLP
133 Avenue of the Americas
New York, New York 10036
Tel: 212.336.2000
lecleary@pbwt.om
jhermann@pbwt.com

cc:     Defendants' Counsel (By ECF)