UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/21/2021

TYRELL AVERHART,

    Plaintiff,

– against –

ANTHONY J. ANNUCCI, Acting Commissioner of the New York State Department of Corrections and Community Supervision; Bureau Chief MARK PARKER; Senior Parole Officer CLARENCE R. NEELY; and Parole Officer LINDSY OSOUNA,

    Defendants.

21 Civ. 383 (NSR)

**PRELIMINARY INJUNCTION ORDER**

Having reviewed the papers supporting Plaintiff's Motion for Preliminary Injunction and the papers filed in opposition, and having considered the arguments made at a hearing on the motion on March 25, 2021, the Court GRANTS in part and DENIES in part Plaintiff's motion for the reasons stated in the Court's Opinion and Order (ECF No. 55).

The Court GRANTS Plaintiff's motion to the extent it seeks to:

1. enjoin Defendants from enforcing a condition of release barring him from any contact with his daughter, J.C.;

2. enjoin Defendants from enforcing a condition of release requiring supervised visitation with J.C. but only to the extent such a condition is based upon a constitutionally deficient investigation; and

3. order Defendants to conduct a new investigation into Plaintiff's parental contact request such that Defendants may thereafter require supervised visitation, opt for a lesser restriction, or impose no restriction based on their findings. Defendants shall, at a minimum, conduct an investigation that:

    a. identifies whether Plaintiff's unsupervised contact with J.C. presents an unreasonable risk of harm or danger to the health or safety of J.C. pursuant to the process in Sections V and VI of the DOCCS Parental Protocol Directive (No. 9601) ("Protocol");

    b. identifies, if DOCCS finds such a risk of harm or danger, the least restrictive conditions that are reasonably necessary for Plaintiff to properly exercise his parental rights while protecting J.C. pursuant to the process in Sections V and VI of the Protocol;

    c. is completed no later than **July 21, 2021** (30 days from the date this Order is executed); and

    d. renders a written decision to be provided to Plaintiff's counsel no later than **July 31, 2021** (40 days from the date this Order is executed) that provides DOCCS's determination and the reasons in support, except where otherwise permitted pursuant to Section VII of the Protocol.

The Court DENIES Plaintiff's motion to the extent it seeks to:

1. enjoin Defendants from enforcing a condition of supervised visitation at this time; and

2. obtain immediate release from incarceration.

Though not a part of the preliminary injunction record, counsel represents that Plaintiff was released to supervision of parole on or around June 2, 2021.

This preliminary injunction is to take effect IMMEDIATELY and shall remain in effect pending trial in this action or further order of this Court.

DATED: June 21, 2021  
White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge