UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYRELL AVERHART,

                      Plaintiff,

   -against-

ANTHONY J. ANNUCCI, *Acting Commissioner of the New York State Department of Corrections and Community Supervision*; MARK PARKER, *Bureau Chief*; CLARENCE R. NEELY, *Senior Parole Officer*; & LINDSY OSOUNA, *Parole Officer*,

                      Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/19/2021

No. 21-cv-383 (NSR)

**ORDER & OPINION**

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Tyrell Averhart ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 against Defendants Anthony J. Annucci, Bureau Chief Mark Parker, Senior Parole Officer Clarence R. Neely, and Parole Officer Lindsy Osouna on January 15, 2021. (*See* Compl., ECF No. 1.) Prior to Plaintiff's incarceration, in or around August 23, 2019, Defendants restricted Plaintiff from having any physical contact with his daughter, J.C. Plaintiff further alleged Defendants restricted Plaintiff from visiting J.C. outside the presence of an approved monitor and refused to approve his mother's home as Plaintiff's post-release residence due to J.C. presence at the home. Plaintiff alleged that the Defendants' conduct violated his substantive and procedural due process rights by, among other things, interfering with his right to familial association with his daughter. (*See* Compl.)

    On November 16, 2021, Plaintiff's counsel filed a Suggestion of Death Upon the Record pursuant to Federal Rule of Civil Procedure 25(a)(1) noting the death of Plaintiff on or about November 9, 2021. (ECF No. 67.)

1

Rule 25(a)(1) provides, in pertinent part, that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party.  A motion for substitution may be made by any party or by the decedent's successor or representative.  If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

Rule 25 establishes a ninety-day period for any party to make a motion to substitute a party for the decedent.  *See Kaplan v. Lehrer*, 173 F. App'x 934, 935 (2d Cir. 2006).  The ninety-day period can be extended where there is "an inability or a significant difficulty in identifying [the decedent's] legal representative or successor.  *See Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998).

In light of the foregoing, Plaintiff's attorneys are directed to serve a copy of this Opinion and Order upon Plaintiff's next of kin, and to file proof of service on the docket.  Plaintiff's next of kin shall have ninety days from service of this Opinion and Order to move to be substituted as the representative of Plaintiff for the purpose of prosecuting Plaintiff's claims.  In the event there is no timely substitution, the Complaint shall be deemed dismissed upon Defendants submitting an affidavit informing the Court that no substitution has been requested and upon submission of a proposed order of dismissal.

Dated:  November 19, 2021  
       White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge